## INDUSTRIAL COMMISSION v BOZELLI

Ohio Appeals, 9th Dist, Summit Co

No 1626. Decided June 14, 1929

Messrs. G. Bettman, Cincinnati, R. R. Zurmehly, Columbus, D. Isham, Akron & W. A. Spencer, Akron, for Indust. Comm.

Messrs. F. A. Rees & D. W. Alexander, both of Akron, for Bozelli.

WASHBURN, J.

The important question to be determined in this case is as to whether or not the right of an injured employe to compensation on account of temporary or permanent partial or total disability, survives his death where such employe's death is not caused by the injury, and where no award had been made at the time of his death.

This question is not governed or affected by the statutes in reference to the abatement of civil actions, but its solution depends upon the provisions of the workmen's compensation act.

It must be kept in mind that rights growing out of the workmen's compensation act are purely statutory, and that no one can acquire or have a right to any part of the trust fund therein provided for unless such right is conferred by the statute.

There are two general classes of beneficiaries under the workman's compensation act,—one class existing only in cases where death is caused by the injury, and known as "dependents", and the other existing in cases where there is an injury only or the death which ensues is not due to the injury, and this class of beneficiaries is known as "employes" or "workmen."

There is no specific language in the act providing that claims of either class survive where no award has been made at the time of the death of the beneficiary, but there are many provisions indicating a contrary intention,—such as the provisions in reference to the distribution of the fund, the same being studiously limited to "injured employes or to dependents of such employes as may be killed," and the provision exempting awards under the act from claims of creditors, and the provision conferring continuing jurisdiction on the Industiral Commission to modify and change its findings and orders. Indeed, a careful reading of the whole act, considered in connection with the conditions and law existing before the passage of the act, seems to indicate an object and purpose on the part of the legislature to provide a benefit for living workmen and living dependents of killed workmen,

rather than for the estates of workmen or dependents.

By the constitution, the power is vested in the legislature to provide how and when awards shall be made, and to determine when and under what circumstances the Industrial Commission shall pay out and disburse the trust funds created under the workmen's compensation act, and it is the province of the Supreme Court to finally settle what the legislature has determined in reference to the distribution of said fund.

Whether the right of a dependent or a workman to share in the fund should survive the death of such dependent or workman in case of death before an award is made, is purely a legislative and not a judicial matter, which can be easily settled by the legislature. To avoid judicial legislation, the wise and sensible rule would seem to be to hold that such right does not survive unless the legislature, in the enactment or amendment of the law, has used language indicating an intention that such right should survive. Such a holding would call the matter to the attention of the legislature, which alone has authority to definitely and specifically determine the matter.

It seems to be settled by the Supreme Court that where an employe's death is caused by an injury, under circumstances which give to a dependent of the killed employe a right to an award, such right survives the death of such dependent, and an award covering the period from the death of the employe to the death of the dependent may be made after the death of such dependent, and that the same may be paid to the estate of such dependent.

**Industrial Comm. v. Dell, 104 OS. 389.**

It is also evident that the Supreme Court has decided that a like result does not follow in the case of a workman's right to compensation for injury, when he dies before an award is made and his death was from causes other than his injury, because the last paragraph of **1465-83 GC** does not empower the Industiral Commission to pay an award for total or partial disabiblity in cases of death from causes other than the injury, where no award had been made to the employe before his death.

**Industrial Comm. v. Terrell, 120 OS. 59.**

If the commission did not have power to make the award in that case,, it could not have an award in the instant case after the death of Bozzelli, and if the commission could not have made the award, the Common Pleas Court on appeal could not; and if the Common Pleas could not have made the award, the petition did not state a cause of action in favor of the administratrix of the estate of Bozzelli at the time of the trial of the case in the Common Pleas Court.

If the petition does not state, nor the evidence prove, a cause of action, the right of the trial court to render the judgment may be raisde in the reviewing court at any time before final judgment therein; and hence, if that question was not raised in the trial court by the motion for a directed verdict, it was not waived.

Following the reasoning of the Supreme Court in the Terrell case, we find that the judgment in the instant case is contrary to law. Said judgment is therefore reversed; and proceeding to enter the judgment which the Common Pleas Court should have rendered, the relief asked for in the petition is denied and said petition is dismissed.

Funk, PJ, and Pardee, J, concur.